UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:26-CR-78-KKC

UNITED STATES OF AMERICA PLAINTIFF

V. **PLEA AGREEMENT**

GRETCHEN L. BEVINS
aka GRETCHEN WOODRUFF DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Two of the Indictment, which charges a violation of 21 U.S.C. § 841, possession with the intent to distribute controlled substances, including 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count One. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count Two are:

(a) The Defendant knowingly and intentionally possessed controlled substances, including a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

(b) The Defendant had the intent to distribute such substances;

(c) The offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl; and

(d) At the time the Defendant committed the offense charged she had a final conviction for a serious drug felony, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense as stated in the Indictment.

3. As to Count Two, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about August 26, 2019, the Defendanbt was sentenced to 45 months of imprisonment for conspiring to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846 (United States District Court for the Eastern District of Kentucky, Case Number 07:18-CR-10-KKC). The Defendant served more than 12 months in connection with this offense and was released on or about November 10, 2021.

(b) On or about December 22, 2025, in Pike County, law enforcement used a confidential informant to make a controlled purchase of 28.324 grams of a methamphetamine mixture from the Defendant.

(c) On or about April 1, 2026, in Pike County, law enforcement executed a search warrant at a hotel room occupied by the Defendant. During a search of the room, law enforcement found a container with the

Defendant's name on it. Inside the container, law enforcement located and seized over 50 grams of methamphetamine and over 40 grams of fentanyl. The Defendant knew these were controlled substances, possessed them, and intended to distribute them as she had done in the past.

4. The statutory punishment for Count One is not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years of supervised release. The Defendant has a prior serious drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category

pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. §§ 3B1.2 or 2D1.1(e)(2).

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and thc Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

Date: 9/4/26 By: [signature]
Andrew H. Trimble
Assistant United States Attorney

Date: 8/21/26 [signature]
Gretchen L. Bevins
Defendant

Date: 08/21/26 [signature]
Thomas Paul Miceli
Attorney for Defendant